*J. B. White, for appellants.*

---

WM. R. BALL *v.* WILKERSON PURSEFULL ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—396.]

**Description in Conveyances.**

The natural objects mentioned in a description in a deed or executory contract will control courses and distances.

**Conveyance of a Mill.**

The grant of a mill carries with it the use of the water by which it is run, the flood gates, dam and all things necessary for its use, as well as the land on which it stands and that over which it projects.

APPEAL FROM LINCOLN CIRCUIT COURT.

November 22, 1881.

OPINION BY JUDGE HARGIS:

Hutchison sold a tract of land to the appellant, Ball, which is described in the deed to him in this language: "A certain tract of land, lying in Lincoln county, Kentucky, known as the Dudderar's mill seat, together with the dam and all its appurtenances, containing about twenty acres, more or less, commencing at a double sycamore tree on the river, thence with Hutchison's line round to the river at an elm tree, thence up the river to the beginning."

Afterwards appellant sold it to the appellees and executed to them a writing, which is in form a deed, but was intended by the parties as an executory contract. He instituted suit against them for the remainder of the purchase money, and they answered alleging that the written contract embraces more land than the appellant had title to, and sought its rescission on equitable terms.

It appears from the written contract between them that the land is described as a certain tract of land, lying in the county of Lincoln, Kentucky, on the waters of Dix river, known as the H. Dudderar mill and dam and its appurtenances, containing about

twenty acres, more or less, "beginning at a double sycamore tree on the river near a branch, thence with the meanders of said branch to John Francis' line, thence with said Francis' line around to the river to an elm tree, thence crossing said river in a north direction to a mulberry tree, a corner to said mill tract and Sargent, thence up said river to the beginning."

It will be seen that the executory contract was intended to convey the mill tract, mill dam and its appurtenances, which was the purpose of Hutchison in his deed to appellant. According to all the authorities of this court, the natural objects mentioned in a deed will control courses and distances.

The clause in the description set forth in Hutchison's deed to appellant, which says the land is known as the Dudderar's mill seat, together with the dam and all its appurtenances, when properly construed, locates the line from the elm tree to the beginning so as to include the south end of the mill dam resting on the opposite side of the river from the mill, because that description not only names and describes a natural object, but it shows that the mill and dam combined was the main inducement to the purchaser; and it is impossible to run the line along the bank on which the mill is located without destroying the manifest intention of the parties and defeating the object of both seller and buyer. The court erred in prescribing the boundary so as to cut the mill in two and leave only a fragment of it within the lines of the deed, as the course and distance called for must necessarily include the mill and appurtenances, which are specifically mentioned and conveyed.

The grant of a mill carries with it the use of the water by which it is worked, the flood gates, dam, and all things necessary for its use, as well as the soil and freehold of the land on which it stands and that over which it projects, and such a grant may embrace land adjoining the mill which is necessary for its use and which is actually used with it at the time of the grant. These principles are well settled, and demonstrate the unreasonable and destructive tendency of the construction placed by the court below on Hutchison's deed to appellant. See Washburn on Real Property (4th Ed.), Ch. 5, § 4, Subsecs. 24 and 26, and authorities cited.

With that deed properly construed, even in the absence of any allegation of mistake, the deficit would not exceed three acres,

which is not worth more than $25, and may be separated from the mill tract so as not to depreciate the intrinsic value of the mill, dam and appurtenances. The deficit is too small to authorize a rescission, in view of the fact that the purchase of the mill appears to have been the main inducement to the bargain.

Besides this, pending the suit, one of the appellees, although in undisturbed possession under the purchase from appellant, bought Hutchison's supposed claim, founded on the inaccurate description in the deed, for the sum of $25, balance of the price of a spotted horse, and received from him a deed for the deficit. This purchase should have been held to enure to the benefit of the appellant, because Hutchison's claim was fraudulent and asserted by him when he knew there was a mistake in drawing the deed, which is clearly shown by the evidence, and when he intended by the deed to convey to appellant the Dudderar mill tract of land supposed to contain twenty acres.

The deed from Hutchison to the appellees was so drawn as to leave the mill and the whole of the dam out of it, and it contradicts the boundary which they sought to have established by the erroneous judgment in their favor. As the appellant did not plead the mistake, although he proved it, before submission of the cause, he should be required to allow appellees' credit for the sum they paid Hutchison in buying his fraudulent claim which appellant's laches gave him an opportunity to assert.

Wherefore the judgment is *reversed* and cause remanded for judgment in conformity herewith.

*Hill & Alcorn, for appellant.*

*Welsh & Saufley, for appellees.*

[Cited, *Kentucky Land &c. Co. v. Crabtree*, 113 Ky. 922, 24 Ky. L. 743, 70 S. W. 31.]